**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Counsel to Cherry Hill Debt LLC*
125 Park Avenue, 12th Floor
New York, New York 10017
Kevin J. Nash, Esq.
Email: knash@gwfglaw.com
Telephone: (212) 221-5700

**Hearing Date: August 26, 2026 at 2:00 p.m.**
**Objection Deadline: 5:00 p.m. on August 19, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

CHERRY HILL PORTFOLIO LLC,

Debtor.
--------------------------------------------------------x

Chapter 11

Case No.: 25-43199 (JMM)

**NOTICE OF HEARING ON MOTION TO DISMISS THE CHAPTER 11 CASE**

**PLEASE TAKE NOTICE** that a hearing ("Hearing") will be conducted on **August 26, 2026 at 2:00 p.m.**, or as soon thereafter as counsel may be heard, before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, New York 11201-1800, on the annexed motion ("Motion") of secured creditor Cherry Hill Debt LLC, as the current holder of the Debtor's senior mortgage debt acquired through assignment, to dismiss the Chapter 11 case of Cherry Hill Portfolio LLC pursuant to 11 U.S.C. § 1112(b)(1),

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted either in person, by phone, or by videoconference. Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys. Instructions and the link to register using eCourt Appearances may be found here: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-

appearances. Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.[1]

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must: (i) be in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Clerk of the Court; and (iv) be served upon undersigned counsel so as to be received **no later than 5:00 p.m. on August 19, 2026.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than by an announcement of the adjourned date at the Hearing.

Dated: New York, New York
July 30, 2026

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Counsel to Cherry Hill Debt LLC*

*By:* ______________________________

Kevin J. Nash, Esq.
125 Park Avenue, 12th Floor
New York, New York 10017
Email: knash@gwfglaw.com
Telephone: (212) 221-5700

1 Additional instructions may be found here: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**Goldberg Weprin Finkel Goldstein LLP**
*Counsel to Cherry Hill Debt LLC*
125 Park Avenue, 12th Floor
New York, New York 10017
Kevin J. Nash, Esq.
Email: knash@gwfglaw.com
Telephone: (212) 221-5700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHERRY HILL PORTFOLIO LLC, | Case No.: 25-43199 (JMM) |
| Debtor. | |

## MOTION TO DISMISS THE CHAPTER 11 CASE

TO THE HONORABLE JIL MAZER-MARINO,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Secured creditor Cherry Hill Debt LLC, as the current holder of the Debtor's senior mortgage debt acquired through assignment ("CHD"), as and for its motion to dismiss the Chapter 11 case of Cherry Hill Portfolio LLC ("Debtor") pursuant to 11 U.S.C. § 1112(b)(1) ("Bankruptcy Code"), represents and shows this Court as follows:

## PRELIMINARY STATEMENT

1. In April 2026, this Court approved a stipulation between Salvatore LaMonica, Esq., solely in his capacity as Chapter 11 Trustee for the Debtor ("Trustee"), and Dime Community Bank respecting the sale of the Debtor's real properties located in Parsippany, New Jersey to which Dime Community Bank held a first mortgage lien. The Court also approved the Trustee's retention of Keen-Summit Capital Partners LLC as real estate advisor, marketing agent and broker to the Trustee to market and solicit offers for the Debtor's real properties. Thereafter, on or about May 28, 2026, the mortgage and secured claim of Dime Community Bank were assigned to CHD.

2. To date, and notwithstanding robust marketing, the Trustee has not received any

offers for the Debtor's real properties that would be acceptable to CHD such that CHD would object to such a sale and/or credit bid and purchase the properties itself at any auction. Thus, in the interests of efficiency, CHD seeks dismissal of the Debtor's Chapter 11 case on the terms provided herein. As part of the dismissal, CHD shall honor the sale stipulation and pay the carve outs designated therein as may be adjusted and approved.

3. Given the lack of equity in the Debtor's real properties, coupled with the fact that a sale will only benefit CHD, dismissal is an appropriate and efficient exit strategy to close out the bankruptcy case and should be approved under section 1112(b) of the Bankruptcy Code.

## BACKGROUND

### A. The Filing and Appointment of the Trustee

4. On July 2, 2025 ("Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("Court"). See ECF No. 1.

5. As of the Filing Date, the Debtor was engaged in the business of owning and operating real property, including the commercial properties commonly known as and located at, 99 Cherry Hill Road, Parsippany, New Jersey 07054 and 119 Cherry Hill Road, Parsippany, New Jersey 07054 (together, "Property"). See ECF No. 23. The Property includes two office buildings, one of which consists of 19 units with 92,318 total square feet, and one of which consists of 15 units with 96,839 total square feet.

6. Pursuant to Orders of the Court, the receiver appointed prior to the Filing Date ("Receiver") was excused from delivering the Property to the Debtor, and authorized to continue to operate the Property. See ECF Nos. 15, 34, 34.

7. On November 13, 2025, Dime Community Bank ("Dime") filed a motion to convert

the Debtor's Chapter 11 case to a Chapter 7 case, appoint a Chapter 11 Trustee or grant stay relief ("Dime Motion"). See ECF No. 46.

8. On December 18, 2025, an Order was entered granting the Dime Motion to the extent it authorized the appointment of a Chapter 11 Trustee. See ECF No. 50.

9. On December 19, 2025, Salvatore LaMonica, Esq. was appointed by the United States Trustee as Chapter 11 Trustee of the Debtor. See ECF No. 51.

10. On December 23, 2025, an Order was entered approving the appointment of Salvatore LaMonica, Esq. as Chapter 11 Trustee of the Debtor. See ECF No. 55.

11. On February 17, 2026, an Order was entered approving the Trustee's employment of counsel in this case. See ECF No. 71.

12. On April 8, 2026, an Order was entered approving the Trustee's employment of Keen-Summit Capital Partners LLC ("Keen") as real estate advisor, marketing and agent and broker to the Trustee to market and solicit offers for the Property. See ECF No. 78.

13. On May 7, 2026, the Court entered an Order establishing June 30, 2026 as the deadline to file proofs of claim against the Debtor's estate ("Bar Date"). See ECF No. 83. The Bar Date has passed.

**B. The Sale Stipulation**

14. Prior to the Filing Date, Dime agreed to lend the Debtor the principal sum of $20,500,000 in connection with the Property and, inter alia, the Debtor executed a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated October 18, 2021, granting Dime, inter alia, a first lien on the Property ("Mortgage"). On November 7, 2025, Dime Community Bank filed a proof of claim against the Debtor's estate in the amount of $22,956,795.14 ("Claim 3").

15. The Trustee and Dime engaged in arm's length discussions and agreed to the terms of the sale of the Property and, inter alia, a carve-out from the secured claim of Dime ("Sale Stipulation").

16. On April 23, 2026, an Order was entered approving the Sale Stipulation. See ECF No. 80.

17. The Sale Stipulation provides, inter alia, as follows:

> . . . in the event Dime is the Purchaser and the consideration for such purchase is solely a credit bid of all or a portion of Dime's Secured Claim . . . then [Keen] shall be entitled to compensation in the amount of actual, necessary and reasonable out-of-pocket costs of marketing and selling the Property plus $100,000[.]
>
> . . .
>
> Dime shall have an allowed secured claim as of the Filing Date against the Debtor's estate in the amount of $22,956,795.14 ("Secured Claim").
>
> . . .
>
> Dime hereby agrees that, if the Trustee sells the Property to a third party, the Trustee and the Debtor's estate shall retain a carve-out of funds from the proceeds of the sale of the Property and the Mortgage ("Carve-Out") sufficient and necessary to pay: (a) any and all valid and enforceable liens on the Property that are of higher priority than the Mortgage including, but not limited to, any and all outstanding real estate and school taxes, water and sewer liens, or other liens which are senior in priority to that of Dime's Secured Claim; (b) post-petition federal and state capital gains taxes for which the Debtor's estate may be liable; (c) the Broker's Compensation as set forth herein (which Broker's Compensation shall be subject to separate Order of the Court); (d) United States Trustee fees through the date the final decree is entered and/or any administrative expense claims asserted by the United States Trustee under section 1930(a)(6) of title 28, United States Code; (e) any reasonable and necessary closing costs and/or fees required to be paid by the estate at or in connection with the closing on the sale of the Property, but excluding any fees or expenses enumerated in any other subsection of this paragraph 6; (f) $325,000 for: (i) the reasonable commissions of the Trustee plus reimbursement of the documented out-of-pocket expenses of the Trustee (which commissions and expenses shall be subject to separate Order of the Court); (ii) the reasonable fees and documented out-of-pocket expenses of the Trustee's retained attorneys (which fees and out-of-pocket expenses shall be subject to separate Order of the Court); and (iii) the reasonable fees and documented out-of-pocket expenses of the Trustee's retained accountants (which fees and out-of-pocket expenses shall be subject to separate Order of the Court); and (g) $50,000.00 for any and all other allowed unsecured claims.
>
> In the event there are no other bidders for the Property, Dime shall credit bid for

> any amount of its own determination up to the amount of the Secured Claim. In the event that Dime is the successful bidder for the Property, then Dime, its designee or assign shall, in exchange for the delivery of a Trustee's deed for the Property tender to the Trustee sums sufficient to pay the Carve-Out.

See ECF No. 80-1 at pp. 5-7.

18. Thereafter, Keen actively marketed the Property and solicited offers for the Property. The range of the offers received was less than half the amount of the Secured Claim.

## C. The Assignment to CHD

19. On or about May 28, 2026, the Mortgage and Secured Claim of Dime were assigned to CHD. See ECF No. 94.

20. CHD conferred with the Trustee. Given that the range of offers received by the Trustee was less than half the amount of the Secured Claim, CHD advised the Trustee that it would object to the approval of an offer in the range of the amounts received by the Trustee, and/or credit bid at any auction sale up to the amount of the Secured Claim.

21. To avoid further delay, CHD seeks dismissal of the Debtor's Chapter 11 case so that it can conclude the pending foreclosure action in the New Jersey State Court.

22. In connection with dismissal, CHD shall fund the allowed carve-outs provided for in the Sale Stipulation (as may be adjusted and after approval) as follows:

| | |
|---|---|
| a. Brokerage (Keen): | $100,000 plus expenses |
| b. Chapter 11 Trustee Commissions, Fees and Professional Expenses: | up to $325,000 |
| c. U.S. Trustee Fees: | $TBD |
| d. General Unsecured Creditor Reserve: | $50,000 |

23. The carve-out funds shall then be distributed by the Trustee, without offending the principles set forth by the Supreme Court in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017) based upon adherence to bankruptcy priorities.

**LEGAL STANDARDS**

24. CHD hereby moves for the dismissal of the Chapter 11 case pursuant to Section 1112(b)(1) of the Bankruptcy Code. Section 1121(b)(1) provides:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested…dismissal is not in the best interests of creditors and the estate, the court shall…dismiss a case…if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

25. In this case, dismissal is in the best interests of creditors and the estate. There is no true opportunity to realize equity from the sale of the Property, and further administration of this case will not advance the interests of unsecured creditors beyond the Sale Stipulation. Thus, the economic and administrative goals of the Chapter 11 case will be effectuated by immediately giving effect to CHD's desire to complete the foreclosure process in the New Jersey State Court while still providing for the payments contemplated in the Sale Stipulation. As such, dismissal is in the best interests of all creditors and parties in interest.

26. CHD is informed that, under the circumstances of this case, the Trustee does not oppose the relief requested herein.

27. The Trustee is, or will be, current in the filing of monthly operating reports. All outstanding quarterly fees owed to the United States Trustee shall be paid through dismissal of the Chapter 11 case. Professional fees have been capped and will be the subject to companion applications for allowance.

28. CHD will provide notice of this dismissal motion to all previously filed and scheduled creditors and other parties in interest, including the Office of the U.S. Trustee.

**WHEREFORE**, CHD prays for the entry of an Order dismissing this Chapter 11 case substantially in the form attached hereto as Exhibit "A", together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 30, 2026

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Counsel to Cherry Hill Debt LLC*

*By:* ______________________________

Kevin J. Nash, Esq.
125 Park Avenue, 12th Floor
New York, New York 10017
Email: knash@gwfglaw.com
Telephone: (212) 221-5700

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| CHERRY HILL PORTFOLIO LLC, | Case No. 25-43199-JMM |
| Debtor. | |

----------------------------------------------------------x

**ORDER DISMISSING CHAPTER 11 CASE**

Upon reading and filing the joint motion [ECF No. __] (the "Motion") of Salvatore LaMonica (the "Chapter 11 Trustee"), as Chapter 11 Trustee for the state of Cherry Hill Portfolio LLC ("Debtor") and Cherry Hill Debt LLC, the current holder of the Debtor's senior mortgage debt (the "Lender"), seeking to dismiss the Chapter 11 case in the overall interests of the Debtor's estate; and good and sufficient notice of the Motion having been given to creditors and other parties-in-interest [ECF No. __]; and it appearing that dismissal of the Chapter 11 case is now in the best interests of the Debtor's estate and will conclude the bankruptcy proceedings without additional cost and expense; and good cause having been established

ORDERED, that the Chapter 11 case be, and the same is hereby dismissed pursuant to 11 U.S.C. § 1112(b)(1); and it is further

ORDERED, that following requisite notice and Bankruptcy Court approval, the Lender shall pay the allowed fees and expenses awarded under the Sale Stipulation to the Chapter 11 Trustee for distribution to eligible parties and creditors; and is further

ORDERED, that the Chapter 11 Trustee shall file any outstanding monthly operating reports and a final monthly operating report (for the month in which the Order is entered, though the date of this Order), and pay all fees pursuant to 28 U.S.C. §1930, together with any applicable interest thereon, within seven (7) days of the entry of this Order.