**LAW OFFICES OF KENNETH L. BAUM LLC**
201 W. Passaic Street, Suite 104
Rochelle Park, New Jersey 07662
(201) 853-3030
(201) 584-0297 Facsimile
kbaum@kenbaumdebtsolutions.com
*Attorneys for NewBridge Services, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CHERRY HILL PORTFOLIO LLC, | : | Case No. 25-43199-jmm |
| | : | |
| Debtor. | : | **Hearing Date: August 26, 2026** |
| | : | |

**MEMORANDUM OF NEW BRIDGE SERVICES, INC., IN LIMITED OPPOSITION TO MOTION TO DISMISS CHAPTER 11 CASE AND IN SUPPORT OF CROSS-MOTION TO DEEM UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY REJECTED PURSUANT TO SECTIONS 365(d)(3) AND 105(a) OF THE BANKRUPTCY CODE**

TO: HONORABLE JIL MAZER-MARINO
CHIEF UNITED STATES BANKRUPTCY JUDGE

NewBridge Services, Inc. ("**NewBridge**"), by and through its undersigned counsel, Law Offices of Kenneth L. Baum LLC, for its limited opposition to the motion (the "**Motion to Dismiss**") of Cherry Hill Debt LLC to dismiss the Debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1) and in support of NewBridge's cross-motion (the "**Cross-Motion**") for an order deeming NewBridge's unexpired lease (the "**Lease**") with the Debtor for nonresidential real property located at 99 Cherry Hill Road, Suite 301, Parsippany, New Jersey (the "**Premises**"), rejected pursuant to Sections 365(d)(3) and 105(a), respectfully states as follows:

## BACKGROUND

1. NewBridge is a nonprofit organization providing critical mental health counseling, addiction recovery, day treatment, supportive housing, and educational programs to help individuals throughout northern New Jersey. New Bridge entered into the Lease with the Debtor to serve as a hub for its delivery of critical services to its clients. *See Declaration of Michelle Borden* ("**Borden Dec.**") attached hereto as Exhibit "1" at ¶ 2.

2. Pursuant to the Lease, NewBridge occupies 8,807 square feet at the Premises. A critical provision of the Lease required the Debtor or its designated contractor to perform initial improvements to the Premises in accordance with specific drawings and a Work Agreement attached to the Lease. Those drawings call for the partition and creation of numerous rooms and private spaces throughout the Premises for multiple purposes, including psychiatric services, group counseling, reception, file storage, and a pharmacy (collectively, the "**Build-Out**"). (Borden Dec., ¶ 3.)

3. Despite NewBridge having occupied the Premises for more than two years, and notwithstanding its repeated pleas and demands on the Debtor to perform and complete the Build-Out, the required work has not been done. Instead, the Premises remain unfinished, rendering it impossible for NewBridge to provide client treatment services and causing it to sustain ongoing substantial losses of revenue. (Borden Dec., ¶ 4.)

4. Specifically, the leased space was intended to accommodate an expansion of treatment services to include seven private and HIPPA-complaint clinical treatment spaces, each of which was planned to accommodate 104 client visits per month. This was projected to generate net revenues of $1,287,104 over the 26-month period from May 2024 through and including July 2026. Moreover, NewBridge's client waiting list has grown to an average of 60

clients per month as a result of the conditions caused by the Debtor's failure to complete the Build-Out, causing NewBridge continuous damage to its finances and reputation. (Borden Dec., ¶ 5.)

5. NewBridge was considering any and all options to address this untenable situation, including commencing suit in the Superior Court of New Jersey, when the Debtor filed its Chapter 11 petition on July 2, 2025. Due to the automatic stay, NewBridge was unable to take any legal action to terminate the Lease but continued, through its counsel, to communicate its dire need to have the Build-Out completed promptly to stem the losses it has suffered. Unfortunately, the Debtor did nothing to remedy the situation. (Borden Dec., ¶ 6.)

6. Upon the appointment of the Chapter 11 Trustee on December 18, 2025, NewBridge, again through counsel, communicated its situation to the Trustee and counsel for the Debtor's then-secured creditor, Dime Community Bank ("**Dime**"). NewBridge's counsel specifically explained that if the Build-Out could not be completed, NewBridge would have no choice but to seek to move to a different location, at great cost and disruption to its operations. (Borden Dec., ¶ 7.)

7. Dime's counsel indicated that Dime, in conjunction with the Trustee, was actively seeking to obtain a buyer for the Premises who would have the financial and other wherewithal to, among other things, complete the Build-Out. Dime and the Trustee further indicated that if a contract buyer could not be identified by May 2026, the Trustee would conduct an auction sale of the property. Based on this direction, NewBridge opted not to seek relief from the Lease and instead await a potential new landlord who would fulfill its obligation to complete the Build-Out. (Borden Dec., ¶ 8.)

8. After months of receiving this direction and continuing to suffer losses to its operations, NewBridge was stunned to receive the Motion to Dismiss, to which the Trustee apparently is consenting. While the Debtor and now the Trustee have enjoyed the benefit of the automatic stay for more than a year while considering their options – all of which have resulted in nothing for the estate but the proposed payment of professional fees as part of the requested dismissal of this case – NewBridge has been forced to endure a completely untenable situation at great financial and other losses. Accordingly, the Court should not dismiss the Debtor's case unless the Lease is rejected as part of that dismissal. Alternatively, if the Court denies the Motion to Dismiss, it should grant the Cross-Motion and deem the Lease rejected.

**BASIS FOR RELIEF REQUESTED**

9. As described in the Borden Dec., the Debtor has failed for more than two years to complete the Build-Out, which was an essential element of the Lease. The Debtor's ongoing breach of the Lease since the inception of this Chapter 11 case is a violation of Section 365(d)(3) of the Bankruptcy Code, which provides in relevant part:

> The trustee shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

10. While case law interpreting Section 365(d)(3) typically addresses the obligations of a debtor-lessee and the corresponding rights of a of non-debtor lessor, nothing in the plain language of the statute precludes its application to situations like this case, where the debtor-lessor completely fails to comply with its obligations under an unexpired lease of nonresidential real property by breaching a provision requiring a detailed build-out of the premises. That

breach, combined with the Court's broad equitable powers under Section 105(a) of the Bankruptcy Code, empowers the Court to deem the Lease rejected as a condition of dismissing this Chapter 11 case. Forcing NewBridge to now begin the process of addressing its rights under the Lease in a non-bankruptcy forum after having its hands tied for more than a year by the automatic stay, while only professionals benefit through the dismissal of this case by having their fees paid, would be a gross misuse of the bankruptcy process. Accordingly, the Court should condition dismissal of this Chapter 11 case on rejection of the Lease, or, alternatively, if the Court denies the Motion to Dismiss, the Court should grant the Cross-Motion to reject the Lease.

**WHEREFORE,** NewBridge respectfully requests that the Court enter an order conditioning granting of the Motion to Dismiss on rejection of the Lease, or, alternatively, granting the Cross-Motion, and for such other and further relief as the Court deems just and proper.

Dated: Rochelle Park, New Jersey
August 19, 2026

Respectfully submitted,

LAW OFFICES OF KENNETH L. BAUM LLC
Attorneys for NewBridge Services, Inc.

By: *\/s/ Kenneth L. Baum*
Kenneth L. Baum