UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re: Chapter 11

CHERRY HILL PORTFOLIO LLC, Case No. 25-43199-JMM

Debtor.

---------------------------------------------------------------x

**LENDER'S RESPONSE TO OBJECTION OF NEW BRIDGE SERVICES INC. TO DISMISSAL AND CROSS MOTION TO COMPEL REJECTION OF LEASE**

Cherry Hill Debt LLC, the current holder of the Debtor's senior mortgage debt (the "Lender"), as and for its Response to (i) the Opposition filed by the New Bridge Services Inc. ("New Bridge") to the joint motion of Salvatore LaMonica (the "Chapter 11 Trustee"), as Chapter 11 Trustee for the estate of Cherry Hill Portfolio LLC ("Debtor") and the Lender seeking to dismiss the Chapter 11 case (the "Dismissal Motion"); and (ii) the Cross Motion filed by New Bridge seeking to compel the rejection of the Debtor's lease with New Bridge as tenant (the "Lease"); respectfully states and alleges as follows:

1. The Dismissal Motion is borne out of due recognition that the Debtor's real property is hopelessly under water, and there is nothing to be gained by further administering this case in bankruptcy. Any outstanding claims or disputes can be adjudicated in the state courts.

2. In response, New Bridge seeks to gain certain tactical advantages and its attempt to impose conditions on the dismissal in the form of compelling rejection of the Lease should be denied.

3. To begin with, there is no authority for a tenant to compel a rejection. Quite to the contrary, it is a fundamental rule of bankruptcy that the decision to assume or reject a lease rests with the sound business judgment of the Chapter 11 Trustee under 11 U.S.C. Section 365. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523. That New Bridge has claims against the Debtor as a tenant under the Lease is not a proper basis to deny dismissal nor to impose any requirements on the Chapter 11 Trustee.

4. Importantly, New Bridge cites no authority to support its assertion that counterparties to a lease can compel assumption or rejection. New Bridge might have the right to seek to shorten the time for a decision, but it cannot make the decision for the Chapter 11 Trustee.

5. Moreover, the entire issue is rendered moot in the event of a dismissal because all of New Bridge's state law rights are left unaffected by a dismissal and can be pursued in the state courts.

6. Conversely, a rejection of the Lease would prejudice other creditors because New Bridge would have a rejection claim and rights under Section 365(h) to remain in possession of the premises and not pay any rent.

7. While New Bridge complains that it has rights under Section 365(d) to assert claims against the estate for the build out of its premises, the estate has no unencumbered assets. Indeed, there is nothing in the Opposition or the Cross Motion to suggest that the underlying property has any equity. Accordingly, the predicate for dismissal remains and the Dismissal Motion should be granted without conditions or restrictions.

**WHEREFORE**, the Lender prays for the entry of an Order dismissing this Chapter 11 case consistent with the foregoing.

Dated: New York, New York
August 25, 2026

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Counsel to Cherry Hill Debt LLC*
125 Park Avenue, 12th Floor
New York, New York 10017
Email: knash@gwfglaw.com
Telephone: (212) 221-5700

*By:* ______________________
Kevin J. Nash, Esq.